**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Cornell O. Davis, ) | C/A No. 3:12-00982-CMC |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Michelle McElveen, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Plaintiff Cornell Davis's "Motion to Enforce Order," filed on October 17, 2013. Dkt. No. 92. The court held a hearing on this motion, as well as the court's order to show cause why Defendant Michelle McElveen should not be held in contempt of court, on December 3, 2013.

**BACKGROUND**

On May 22, 2013, the parties appeared before the court and orally agreed to settle this partition action involving property located at **345 Wendemere Drive, Sumter, South Carolina 29153**. The court memorialized the parties' agreement and entered an order that same date. Dkt. No. 84 ("May 22, 2013 Order").[1]

The May 22, 2013 Order required that Defendant "immediately proceed to secure a mortgage on the property, submitting a mortgage application and all supporting documentation within 10 days of this order." Dkt. No. 84 at 1. Further, the May 22, 2013 Order provided "[i]f a mortgage is not

---

[1] The court discovered several errors in the May 22, 2013 Order, where Plaintiff and Defendant were reversed in certain instances. The court has amended the May 22, 2013 Order to correct these errors. *See* Dkt. No. 102.

1

obtained within 45 days of this order, the parties shall list the property for private sale with a licensed real estate broker." *Id.*

By "Motion to Enforce Order" (Dkt. No. 92), Mr. Davis informed the court that Mrs. McElveen has not complied with the May 22, 2013 Order. Mr. Davis contends that although Mrs. McElveen initially appeared to proceed to secure a mortgage, no mortgage has been obtained. Mr. Davis alleges he was notified on October 10, 2013 by counsel for Defendant that Loan Depot, the last lender to consider a mortgage on the subject property, ultimately closed the mortgage application based on lack of action by Mrs. McElveen and her husband. Correspondence from Defendant's counsel, as well as Defendant's "Return to Motion to Enforce Order," confirms that Mrs. McElveen failed to comply with the terms of the Order by not completing the mortgage application process within 10 days of the Order. Dkt. Nos. 90, 96. Based on information contained in Mr. Davis's motion, the court issued an order to show cause why Mrs. McElveen should not be held in contempt of court. Dkt. No. 93. On October 28, 2013, Mrs. McElveen filed a "Return to Motion to Enforce Order." Dkt. No. 96.

**DISCUSSION**

At the hearing on December 3, 2013, counsel for Mrs. McElveen stated that the prior loan application was closed by Loan Depot due to Mrs. McElveen's failure to respond to requests for additional information necessary to process the loan application. Based on her concession that failure to complete the mortgage application was due to her inaction, the court finds that Mrs. McElveen has violated the court's May 22, 2013 Order, is in contempt of court, and has breached the settlement agreement memorialized in the May 22, 2013 Order. The court, therefore, vacates the

May 22, 2013 Order dismissing the action without prejudice (amended on December 4, 2013), and reopens the matter.

During the December 3, 2013 hearing, Mrs. McElveen stated that she had recently reinitiated contact with Loan Depot and had submitted the necessary paperwork to secure a mortgage. Mrs. McElveen reported that her husband has applied and been preapproved for a mortgage in the amount of $80,000 for the property. Mrs. McElveen produced what she described as a preapproval, which is an email dated December 3, 2013 from " Matt Fisher, Sr. Mortgage Banker" at Loan Depot, stating Mr. Walter McElveen Jr. has been preapproved for a loan "for the purchase of the property listed as 345 Wendemere Dr, Sumter SC 29153."[2] The email also stated that the loan should close and fund within 45 days.[3] Mrs. McElveen's plan is that she and Mr. Davis sign an agreement to sell the property to Mr. McElveen, contingent upon Mr. McElveen obtaining the mortgage loan in the amount of $80,000. At the closing, Mr. Davis and Mrs. McElveen would deed the property to Mr. McElveen, and Loan Depot would issue the funds to Mr. McElveen and obtain a lien on the property. Mr. McElveen would then pay, from the funds received from Loan Depot, $65,000 to Mr. Davis and $15,000 to Mrs. McElveen.

Mr. Davis learned about Mrs. McElveen's proposal the night before the hearing. During the hearing, Mr. Davis agreed to dismiss this action with prejudice if the mortgage is obtained within the 45 day closing period and he receives $65,000 from Mr. McElveen. The court agreed to allow the parties until January 29, 2014 to complete the mortgage and closing process described above.

---

[2] The court filed the document as Court's Exhibit 1. Dkt. No. 100.

[3] The email did not state the terms of the mortgage, such as the loan amount or interest rate.

Should the above described process not be completed, the court orders that Mrs. McElveen and her family vacate the property at **345 Wendemere Drive, Sumter, South Carolina 29153**, and remove any personal property from the property, by noon on January 30, 2014. By noon on January 30, 2014, Mrs. McElveen shall also provide to her attorney, Garryl Deas, a limited durable power of attorney, authorizing him to sign a listing agreement for the sale of the property with a licensed realtor of Mr. Davis's choice, a contract for sale of the property, and all closing documents related to the sale of the property. Mr. Deas shall then cooperate with Mr. Davis in the listing and sale of the property, without any interference by Mrs. McElveen. All proceeds from the sale of the property shall be deposited into Mr. Deas' escrow account, and be divided equally and paid to Mr. Davis and Mrs. McElveen. Upon receipt of his share of the proceeds, Mr. Davis agrees to dismiss this action with prejudice.

If Mrs. McElveen fails to comply with the court's order by the January 30, 2014 deadline, Mrs. McElveen will be subject to incarceration for contempt of court. Any attempt to interfere with the listing or sale of the property will also be grounds for contempt.

The court will hold a hearing on the status of this case on February 3, 2014 at 1:30 p.m.[4] Should the case be dismissed prior to the hearing, the hearing will be cancelled.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 4, 2013

---

[4] Mr. Davis may appear at the hearing by telephone, by dialing 803-253-3680 at the time of the hearing.